JAN 30 2026 PM12:56
FILED - USDC - FLMD - ORL

# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

BRYANT LAWRENCE FAULKENBERRY,

Plaintiff,

v.

DAVE KERNER, in his official capacity as Executive Director, Florida Department of Highway Safety and Motor Vehicles, and JOHN/JANE DOES 1-10, in their individual capacities,

Defendants.

## COMPLAINT FOR VIOLATION OF CIVIVL RIGHTS

### (42 U.S.C. § 1983)

Plaintiff, Bryant Lawrence Faulkenberry ("Plaintiff"), proceeding pro se, files this Complaint for violation of rights secured be the United States Constitution and 42 U.S.C. § 1983, alleges:

### I.   JURISDICTION AND VENUE

1. This action arises under the **Fourteenth Amendment** to the United States Constitution and **42 U.S.C. § 1983**.
2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) because the claims arise under the Constitution and laws of the United States.
3. Venue is proper in this District under 28 U.S.C. § 1391(b) because all material events occurred within the Middle District of Florida, and Defendants conduct business in this district.

### II.   PARTIES

4. **Plaintiff** is a resident of the State of Florida and holder of a Florida driver's license issued by the Florida Department of Highway Safety and Motor Vehicles ("FLHSMV").
5. **Defendant Dave Kerner** ("Kerner") is the Executive Director of FLHSMV and is sued in his **official capacity** for declaratory and injunctive relief pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

6. **Defendants John/Jane Does 1-10** are employees, officials, or agents of FLHSMV who, acting under color of state law, participated personally and directly in the unconstitutional deprivation of Plaintiff's rights. They are sued in their **individual capacities** for compensatory and punitive damages.

## III.    FACTUAL ALLEGATIONS

**A.** Texas Administrative Suspension

7. In 2015, Plaintiff was arrested in Texas for suspected DUI and refused a chemical test. That refusal resulted in an administrative driver's license suspension under Texas state law.

8. Plaintiff served all required penalties, and the case was definitively **closed**.

9. Upon returning home from Texas—for Plaintiff was in Texas due to military service—and obtaining Florida driver's license, Plaintiff addressed any outstanding issues with Texas before Florida driver's license was issued in 2018. Florida required any administrative needs to be met which were minimal and financial at best.

**B.** 2020 Florida Administrative Suspensions

10. In 2020, Plaintiff was stopped twice in Florida for alleged impaired driving and refused field sobriety tests.

11. Each refusal resulted in separate **administrative suspensions** by FLHSMV under Florida law.

12. Both incidents were properly adjudicated by Florida courts as a **second offense**. Neither was treated as a third or fourth offense, and no suspension existed beyond statutory terms.

13. Plaintiff's driver's license was reinstated on May 12, 2022, with compliance and proof of **Ignition Interlock Device** installation and **FR-44 Insurance Policy**.

14. Initial IID court order was for 3years, of which on November 9, 2023, after Plaintiff filed with the court and presented evidence, was reduced to 2 years after Plaintiff lost employment due to issues with the IID, costing him a projected $97,000 annual gross income for his household as he is also the head of said household.

15. May 12, 2024, was the 2-year mark met of the court order.

**C.** Erroneous Texas Re-Reporting in 2024

16. In 2024, the Texas Department of Public Safety ("TDPS") uploaded outdated and duplicative information to the National Driver Register ("NDR"), inaccurately listing Plaintiff's 2015 administrative suspension as two (2) separate incidents.

17. The duplicate entries were **false** and contrary to official Texas court records. Texas had no lawful authority to re-report closed cases or to alter previously resolved administrative data.

18. Plaintiff has made multiple attempts to have the record corrected by contacting TDPS though to no avail. His calls, emails, and physical letters have gone unanswered.

19. Further agitating the situation, Smartstart inc., the issuing IID monitoring agency, on June 8, 2024, issued a noncompliance violation to FLHSMV of which the said agency further acted on post-date of legal court ordered termination.

**D.** Unlawful Action by FLHSMV

20. FLHSMV, acting through Defendant Kerner and unidentified staff (Does 1-10), **relied on the false and duplicative NDR entries** and unilaterally revoked Plaintiff's driver's license **without any new court order, notice, or hearing.**

21. FLHSMV officials **backdated** Plaintiff's driving record, falsely designating him as a habitual offender with "four (4) or more DUI related offenses by 2020.

22. This administrative action:
- Contradicted Florida judicial determination from 2020 confirming only **second violations.**
- Contradicted official Texas dispositional records from 2015, and
- Violated Fla. Stat. §§ 322.271 and 322.272, which require notice and hearing before administrative revocation.

23. Plaintiff received no written notice or opportunity for a hearing to challenge the false data, nor was any administrative appeal offered.

24. As a result, Plaintiff's license was revoked indefinitely, depriving him of the ability to work, attend school, and conduct ordinary daily affairs.

## IV.    CLAIMS FOR RELIEF

**COUNT I**—Procedural Due Process (42 U.S.C. § 1983; Fourteenth Amendment)

25. Plaintiff incorporates paragraphs 1-24

26. Plaintiff has a **constitutionally protected property interest** in his valid Florida driver's license. See *Bell v. Burnson*, 402 U.S. 535, 539 (1971).

27. Defendants, acting under color of state law, deprived Plaintiff of that property interest **without prior notice or meaningful opportunity to be heard,** in violation of the procedural due process guarantees of the Fourteenth Amendment.

28. Defendants' actions were in direct contravention of controlling Florida law and fundamental constitutional safeguards recognized by the Supreme Court in *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976).

**COUNT II**—Substantive Due Process (42 U.S.C. § 1983; Fourteenth Amendment)

29. Plaintiff incorporates paragraphs 1-24.

30. Defendants' conduct—manually altering historical data, fabricating offense history, and imposing administrative punishment without judicial authorization—was **arbitrary, capricious, and conscience-shocking,** violating Plaintiff's substantive due rights under the Fourteenth Amendment. See *County of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998).

**COUNT III**—Ultra Vires Administrative Action (Exceeding Statutory Authority)

31. Plaintiff incorporates paragraphs 1-24.
32. Defendants lacked statutory authority to: (a) re-adjudicate or reinterpret closed criminal matters, (b) override judicial sentencing orders, or (c) backdate and expand offense history contrary to records.
33. These actions were **ultra vires** and violated separation-of-powers principles inherent in the Due Process Clause. See *State ex rel. Faircloth v. Locke,* 267 So. 2d 17, 21 (Fla 1972) (agency acts outside statutory authority are void).

**COUNT IV**—Maintenance of False Government Records / Denial of Equal Protection of Law

34. Plaintiff incorporates paragraphs 1-24.
35. By knowingly maintaining and disseminating false driving records, Defendants treated Plaintiff differently from similarly situated individuals whose license histories were accurately recorded, violating Plaintiff's rights under the Equal Protection and Due Process Clauses.

## V.    DAMAGES

36. As a direct and proximate result of Defendant's actions, Plaintiff has suffered:
    a. Loss of employment and income.
    b. Hindrance to education and vocational advancement.
    c. Damage to reputation and personal record.
    d. Deprivation of transportation and daily liberty interest.
    e. Emotional distress and mental suffering.
37. Plaintiff seeks all forms of relief permitted by 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## VI.    RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

    A. **Declare** that Defendants' conduct violated Plaintiff's federal constitutional rights.

B. **Enjoin** Defendant Kerner, in his official capacity, and all persons acting in concert with FLHSMV, from enforcing the unlawful revocation and requiring immediate correction of Plaintiff's driving record and reinstatement of his driver's license.

C. **Award** compensatory damages against Defendants Doe 1-10, in their individual capacities, for economic loss, reputational harm, and emotional distress caused by their unconstitutional actions.

D. **Award** punitive damages against such individual Defendants to deter future misconduct.

E. **Award** cost and any other relief the Court deems just and proper, including statutory attorney's fees under 42 U.S.C. § 1988.

## VII.    JURY DEMAND

Plaintiff demands a trial by Jury on all issues triable by jury.

Respectfully submitted,

_Bryant Faulkenberry_  23 Jan 2026

Bryant Lawrence Faulkenberry

577 Rembrandt St SE, Palm Bay, FL, 32909

(321) 358-7143

Pro Se Plaintiff

ALL RIGHTS RESERVED